IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBIN B.**,[1]

        Plaintiff,

v.

**KILOLO KIJAKAZI**, Commissioner
of Social Security,

        Defendant.

Case No. 6:21-cv-604-SI

**OPINION AND ORDER**

Bruce Whitman Brewer, LAW OFFICES OF BRUCE W. BREWER PC, P.O. Box 421, West Linn, OR 97068. Of Attorneys for Plaintiff.

Scott Erik Asphaug, United States Attorney, and Renata Gowie, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Justin L. Martin, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order also uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, U.S. District Judge.**

Robin B. ("Plaintiff") brings this appeal challenging the decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (Act). The Court has jurisdiction to hear this appeal under 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is reversed.

## STANDARD OF REVIEW

Ae district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

A district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* When the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

I.    **PLAINTIFF'S APPLICATION**

Born in 1969, Plaintiff was 47 years old when she filed her application for SSI on June 13, 2016. (Tr. 16.) Plaintiff alleges disability as of June 13, 2016, due to posttraumatic stress disorder, depression, osteoarthritis, and back pain. (Tr. 16, 270.) Plaintiff's claim was denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ). After an administrative hearing held in March 2019, ALJ Stewart Stallings issued a written opinion denying Plaintiff's claim on April 12, 2019. (Tr. 13-33.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of that decision.

II.    **THE SEQUENTIAL ANALYSIS**

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the

burden at any of those steps, the claimant is not disabled. *Id*.; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 13-33.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 13, 2016. At step two, the ALJ determined that Plaintiff suffered from the severe impairments of obesity, status post bariatric surgery, ankle swelling S/P fracture and surgery, degenerative disc disease, right knee osteoarthritis, posttraumatic stress disorder (PTSD), depression, and anxiety. (Tr. 19.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 20.)

The ALJ then determined Plaintiff's residual functional capacity (RFC), finding that Plaintiff retained the ability to perform light work with the limitations that she could stand or walk and sit for "about six hours" per eight hour workday; she "would require a sit/stand option every 30 minutes at her discretion"; she could lift 20 pounds occasionally and 10 pounds frequently; and she would require a "low stress job" which included nothing dangerous, "no production pace, no sales quotas, or customer service." (Tr. 22.)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (Tr. 26.) At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including mail clerk, garment sorter, and weigher in shipping and receiving. (Tr. 27.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 27.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; and (3) rejecting the lay witness testimony.

## DISCUSSION

### I. MEDICAL OPINION EVIDENCE

Plaintiff first argues that the ALJ improperly evaluated the medical evidence of record, including the opinions of Lori Rumbaugh, M.D., Paul Brewer, M.D., and Neal Berner, M.D. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996)).

PAGE 5 – OPINION AND ORDER

### A.     Paul Brewer, M.D.

Dr. Brewer began treating Plaintiff in August 2016 and completed a medical questionnaire in September 2016 regarding Plaintiff's symptoms and limitations. (Tr. 758-62.) Dr. Brewer opined that Plaintiff could lift no more than 10 pounds occasionally and could be on her feet for less than two hours out of an eight-hour workday. Dr. Brewer also concluded that Plaintiff would likely miss six or more days of work per month due to her symptoms and limitations. (Tr. 762.)

The ALJ acknowledged that Dr. Brewer's opinion was based on "significant arthritis in [Plaintiff's] right knee, left ankle status post fracture, and morbid obesity that made it painful to regularly manipulate foot controls, limited weight-bearing, and caused postural concerns." (Tr. 24.) The ALJ nevertheless rejected Dr. Brewer's opinion that Plaintiff could be on her feet for less than two hours per workday and that she was likely to be absent from work. The ALJ was required to provide legally sufficient reasons justifying his rejection of Dr. Brewer's opinion.

In his discussion of Dr. Brewer's opinion, the ALJ reasoned that the limitations on Plaintiff's ability to show up for work were not supported by Dr. Brewer's treatment notes. (Tr. 24.) The ALJ need not accept a physician's opinion that is inadequately supported by clinical findings. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Here, the ALJ found that Dr. Brewer's conclusion regarding Plaintiff's likely absenteeism was not explained in Dr. Brewer's questionnaire responses. (Tr. 24-25.) The ALJ, however, failed to provide any specific reason for rejecting Dr. Brewer's restriction to 2 hours of standing and walking. This was harmful error, because this restriction was not included in Plaintiff's RFC and therefore affected the ALJ's ultimate determination of nondisability.

### B.   Neal Berner, M.D.

State agency reviewing physician Dr. Berner reviewed Plaintiff's treatment records in March 2017 and completed a medical questionnaire regarding Plaintiff's limitations. Dr. Berner opined that Plaintiff could lift and carry 10 pounds; that she could stand and walk for 2 hours in an 8-hour workday, and that she could sit for up to 6 hours. (Tr. 156.) The ALJ gave Dr. Berner's opinion little weight, rejecting Dr. Berner's assessment of Plaintiff's exertional limitations on lifting and carrying, and on standing and walking. (Tr. 25.) As a reason for rejecting Dr. Berner's opinion regarding Plaintiff's exertional limitations, the ALJ cited Plaintiff's improved physical functioning after losing 80 pounds. (Id.) The ALJ may discount a medical opinion when it is inconsistent with the medical record.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, however, Dr. Berner's opinion was based on the record both before and after Plaintiff's weight loss; moreover, ample evidence in the record shows—and the ALJ concurred—that Plaintiff continued to suffer from obesity and severe associated physical limitations after her weight loss. On this record, the ALJ's proffered reason for rejecting Dr. Berner's opinion was not supported by substantial evidence, because the evidence of improved functioning did not straightforwardly contradict Dr. Berner's opinion regarding Plaintiff's exertional limitations.

### C.   Lori Rumbaugh, M.D.

Plaintiff also argues that the ALJ improperly rejected the medical opinion of Lori Rumbaugh, M.D. Dr. Rumbaugh completed a check-box questionnaire regarding Plaintiff's employability. (Tr. 1460-65.) Dr. Rumbaugh indicated that Plaintiff could not perform a job search or perform volunteer work. (Tr. 1460, 1463.) Dr. Rumbaugh also indicated that Plaintiff could walk about 50 feet and "would be unable to walk to the jobs program." (Id.) The ALJ did not address Dr. Rumbaugh's opinion.

The Commissioner argues that the ALJ was not required to provide any reasons for rejecting Dr. Rumbaugh's opinion because it did not assign any specific limitations. While an ALJ is not required to provide reasons for rejecting a doctor's opinion that does not assess specific limitations, *Turner v. Comm'r*, 613 F.3d 1217, 1223 (9th Cir. 2010), here Dr. Rumbaugh clearly assessed specific limitations on Plaintiff's ability to walk and perform other physical and cognitive tasks such as execute a job search or participate in volunteer work. The ALJ's rejection of Dr. Rumbaugh's opinion was not supported by substantial evidence and therefore constitutes harmful error.

## II.    SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). At the administrative hearing, Plaintiff testified that she was unable to work primarily due to her mental limitations, which include frequent PTSD flashbacks and anger issues. (Tr. 13-33.)

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. (Tr. 23.) The ALJ first noted that Plaintiff's statements regarding her physical limitations were incompatible with medical evidence of improvement. The ALJ may consider objective medical evidence when assessing a claimant's testimony and may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. 20 C.F.R. 404.1529(c)(2); *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, treatment records showed improvement in Plaintiff's obesity-related impairments, including decreased pain and self-reports of "feeling better," as Plaintiff continued to exercise and lose weight. (Tr. 46, 933, 935, 937, 939, 966, 1439.) Further, the ALJ noted that Plaintiff's mental status

examinations also indicated that Plaintiff appeared alert and oriented; displayed appropriate mood and affect, normal insight and judgment, normal speech and normal thought content, and demonstrated normal behavior. (Tr. 24, 703, 979, 1427, 1430, 1446, 1448, 1481.) The ALJ also conceded that, with respect to Plaintiff's physical limitations, the record contained a combination of positive and negative physical findings, but nevertheless concluded that the weight of the medical evidence did not substantiate Plaintiff's complaints. (Tr. 24-25.) The Court finds that, because there is equivocal evidence of physical improvement in the record, the ALJ's conclusion that Plaintiff's physical limitations were incompatible with medical evidence of improvement was not supported by substantial evidence. Several medical providers, as discussed above, opined that Plaintiff remained severely physically limited despite sporadic instances of improvement.

      The ALJ next found that Plaintiff's testimony regarding her disabling mental limitations was contradicted by her level of activity during the relevant period. (Tr. 24.) An ALJ may discount a claimant's testimony when her activities "are incompatible with the severity of the symptoms alleged." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). Here, the ALJ noted that Plaintiff's mental symptoms appeared to wax and wane, and that she experienced a resurgence of panic attacks in 2017. (Tr. 24.) Nevertheless, the ALJ reasoned that Plaintiff's ability to perform personal care, care for her children, do homework, attend church, go to the gym, shop for groceries, prepare meals, walk for 30 minutes, and perform household chores belied her testimony of disabling mental impairments. (Tr. 23-24, 48-55, 77-78, 278-81, 483, 701-02, 914, 1439.) The ALJ, however, failed to explain how these activities conflict with Plaintiff's specific allegations that she is substantially limited in her ability to work, primarily due to mental impairments. Further, the ALJ failed to explain which of Plaintiff's various,

limited activities conflicted with her testimony. *Garrison*, 759 F.3d at 1016. On this record, Plaintiff's activities and the tendency of her mental symptoms to wax and wane does not constitute substantial evidence supporting the ALJ's evaluation of Plaintiff's testimony.

As a third reason for rejecting Plaintiff's testimony, the ALJ noted that Plaintiff had a poor work history. The ALJ may discount a claimant's subjective complaints if the claimant has an "extremely poor work history." Although the Ninth Circuit has upheld a credibility evaluation in part because a claimant "has shown little propensity to work in her lifetime" where other legally sufficient reasons for rejecting the claimant's testimony were present, *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002), the Court finds Plaintiff's work history neither adds nor subtracts weight from the ALJ's evaluation of Plaintiff's testimony. Here, it is to be expected from Plaintiff's acknowledged long history of mental impairment that Plaintiff would have difficulty finding a keeping a job, which is consistent with the ALJ's observations of Plaintiff's work history. Based upon the entire record, it was not reasonable for the ALJ to infer that Plaintiff was less disabled than alleged in her testimony because, given Plaintiff's mental health history, Plaintiff's lack of substantial gainful employment does not constitute a reason to find her testimony unpersuasive. The ALJ's evaluation of Plaintiff's testimony contains harmful error and is not supported by substantial evidence.

### III.    LAY WITNESS TESTIMONY

Plaintiff also argues that the ALJ erred by rejecting the lay testimony of Plaintiff's friend and peer support worker, Lisa Lillico. Ms. Lillico testified that Plaintiff has problems being in public and difficulty controlling negative emotions and behavior. (Tr. 258.) Ms. Lillico also noted that Plaintiff's complex PTSD is triggered by anxiety, that she can stay on her feet for only 15 to 30 minutes at a time, and that she spends her days lying down unless she has an

appointment. (Tr. 259-60.) The ALJ effectively rejected Ms. Lillico's testimony by ignoring it in his opinion. The Commissioner argues that Ms. Lillico's testimony mirrored Plaintiff's subjective symptom testimony and that the ALJ's rejection of the testimony was thus supported by substantial evidence. *Valentine*, 574 F.3d at 694. The ALJ, however, failed to provide legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony. The ALJ's failure to provide any reasons for rejecting the lay testimony therefore also constitutes harmful error.

## REMAND

Because the Court finds that the ALJ committed harmful error in evaluating Plaintiff's subjective symptom testimony, the Court need not reach Plaintiff's other assignments of error. "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). In some cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1020 (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

PAGE 11 – OPINION AND ORDER

Plaintiff meets the credit-as-true standard, and a remand for benefits is appropriate. As explained above, the ALJ failed to provide legally sufficient reasons supported by substantial evidence for rejecting the opinions of Dr. Rumbaugh, Dr. Brewer, and Dr. Berner; as well as Plaintiff's testimony regarding her symptoms and limitations and the testimony of the lay witness, Ms. Lillico. *Pulliam v. Berryhill*, 728 F. App'x 694, 697 (9th Cir. 2018) (citing *Garrison*, 759 F.3d at 1020). Given the substantial functional limitations in the improperly discredited opinions, if this evidence were credited as true, the ALJ would be required to find Plaintiff disabled.

For these reasons, and because the Court does not have serious doubt about whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits. *See Newton v. Saul*, 839 F. App'x 178, 179 (9th Cir. 2021) (reversing district court opinion remanding for further proceedings and instead remanding for an award of benefits where, as here, the ALJ erred in discounting the claimant's testimony and additional medical evidence supported the claim of disability); *Varela v. Saul*, 827 F. App'x 713, 714 (9th Cir. 2020) (reversing district court opinion remanding for further proceedings and instead remanding for benefits where, as here, the ALJ erred in discounting a treating physician's opinion).

## CONCLUSION

The Court **REVERSES and REMANDS** the Commissioner's decision for the immediate payment of benefits.

**IT IS SO ORDERED.**

DATED this 7th day of July, 2022.

*/s/ Michael H. Simon*
MICHAEL H. SIMON
United States District Judge